[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
In this proceeding the trial court is called upon to consider whether severance of a bad faith claim against an insurer is mandatory.
In July 2003, Jennifer Weeks was involved in a motor vehicle collision. Having exhausted the insurance coverage of the driver who rear-ended her vehicle, she pressed her own automobile insurer pursuant to the underinsured motorist coverage of her policy. Ms. Weeks alleged a breach-of-contract and a breach of the insurer's duty of good faith.
Though Ms. Weeks does not seek an award of punitive damages,[1] the insurer moved to stay and sever. The motion was submitted when the court file was quite scant. In fact, Ms. Weeks has not discovery on the issue of the defendant's conduct, wealth, or any other subject. There are no filings in the action but for the initial complaint, answer and the immediate motion to sever.
Progressive moved to sever the bad faith claim from the breach-of-contract claim. Clearly, our high court encouraged this approach sixteen years ago when it stated:
 [I]t is inherently prejudicial for a trial justice to decline to sever that claim from a breach-of-contract claim.
 Corrente v. Fitchburg Mutual Fire Insurance Company, 557 A.2d 859, 862 (R.I. 1989).
Yet the high court recently inferred that this rule may be abrogated:
 Although the question of whether every claim of bad faith in every case should be severed from the breach-of-contract claim is not now before us, in an appropriate case, a bifurcated trial may be a useful approach.
 Skaling v. Aetna Insurance Company, 799 A.2d 997, 1010 (R.I. 2002) at footnote 7.
The Skaling footnote was added to the court's discussion of the need to provide "the insurer with significant procedural protections, including non-disclosure of its file until the completion of the breach-of-contract action." Skaling, at page 1010.
There are other approaches that may be taken by the trial courts to further judicial economy and eliminate such prejudice. The trial justice may desire a bifurcated trial, particularly if the plaintiff wishes to forego discovery. Discovery of the adjuster's file and the defendant's wealth could be produced under seal, to be unsealed by the trial justice if and when plaintiff's case in chief meets the requisite threshold. On occasion, plaintiffs may not seek discovery of the insurer's wealth.[2] These various alternatives eliminate the need for two juries to consider the same evidence, yet preserve the insurer's confidences.
As Ms. Weeks has not yet requested punitive damages, or propounded discovery, this Court follows the lead of Skaling
and holds that the motion to sever is not yet ripe. This Court reserves to itself the right to limit discovery once discovery is propounded, and specifically reserves to the trial justice the right to bifurcate or sever the trial.
Accordingly, the Motion to Sever is denied without prejudice.
[1] The First Amended Complaint seeks compensatory damages, attorney's fees and costs only. It does not contain any open-ended prayers for relief.
[2] Discovery of wealth may be unnecessary if the insurer is publicly held and its wealth is generally disclosed.